IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FREDERICK MCMILLAN, F00518  *
    Plaintiff,
  v.  *    CIVIL ACTION NO. JFM-10-1027

MARYLAND DIVISION OF CORRECTIONS *
MARYLAND RECEPTIONIST D.C. CENTER
    Defendants.  *
                                      ***

# **MEMORANDUM**

**Procedural History**

Frederick McMillan ("McMillan") is a federal pre-trial detainee whose last known address was the Maryland Correctional Adjustment Center ("MCAC").[1] On April 23, 2010, the court received his complaint alleging that while confined at the Maryland Reception Diagnostic and Classification Center ("MRDCC") he had not received proper follow-up care for a positive tuberculin test and had not received responses to his sick-call requests or proper care regarding his chest pain and discomfort. Paper No. 1. In another part of his complaint, McMillan alleges that prison staffers are engaged in unspecified conduct that constitutes "cruel and unusual punishment." He simply alleges that MRDCC officers "have a habit of telling me that [they] are going to do something and [do not] do it." He further discusses his mental health concerns, alleging that he suffers from long-term bipolar disorder and, although he is receiving medications, his "ordeal" at MRDCC has caused him emotional distress. He claims that staff treatment demoralizes him and causes him to have thoughts about "giving up and ending it all." McMillan seemingly claims that

---

[1] McMillan entered a guilty plea to one count of bank robbery and on June 21, 2010, was sentenced to a 151-month term and three years of supervised release. *See United States v. McMillan*, Criminal No. WDQ-09-0627 (D. Md.). The Bureau of Prisons inmate locator states that he is presently in transit to a federal facility.

officers and administrators at the Maryland state prison have no concerns or interest in the complaints of federal detainees.

On May 5, 2010, counsel for the health care provider for Maryland Division of Correction inmates was ordered to file a response to the complaint, focusing entirely on McMillan's health care claims. McMillan was directed to file a supplement as to his general claims against prison staff. Paper No. 3. On May 25, 2010, McMillan filed a supplemental complaint, naming two officers and a prison head nurse as defendants. Paper No. 5. He claims that he was denied assistance through the administrative remedy procedure process because he is a federal detainee and that his escort officer has been "very, very rude and disrespectful towards [him]". He also complaints that "Dr. C" and "Head Nurse Jones" have denied him medical attention he needs. He seeks compensation for his pain and suffering. *Id*.

On June 2, 2010, counsel for Correctional Medical Services, Inc. ("CMS") filed a show cause response, accompanied by affidavit and medical records. Paper No. 7. The court construed the response as a motion for summary judgment and granted McMillan seventeen days from June 16, 2010, to file an opposition response. He has filed two separate responses. Paper Nos. 11 & 12. The case is ready for consideration and may be determined without oral hearing. *See* Local Rule 105.6.

**Analysis**

The record shows that McMillan has a history of bipolar disorder. He arrived at MRDCC on February 1, 2010. On that same date a PPD test was performed to determine if he had developed an immune response to the bacterium that causes tuberculosis ("TB"). The test was read as negative two days later. On February 2, 2010, Dr. Chhunchha ordered a chest x-ray as a routine part of

McMillan's intake examination. On February 4, 2010, McMillan filed a sick-call encounter form complaining that he felt weak and needed vitamins and a series of tests to be performed. Nurse Okey Ilochonwu evaluated McMillan on February 9, 2010, and noted that although he subjectively reported flu-like symptoms, McMillan's vital signs were within normal limits and he did not appear to be in any distress. McMillan was given Chlorpheniramine (Chlor-Trimeton) for his flu-like symptoms and advised to rest and drink fluids. On February 10, 2010, McMillan filed two sick-call slips, again complaining of feeling weak, asking for vitamins, and inquiring into the scheduling of his chest x-ray. When evaluated on February 12, 2010, he was advised that he could buy vitamins in the commissary and that a consult for a chest x-ray had been initiated.

The chest x-ray was performed on February 17, 2010, and was normal with no evidence of TB. Nonetheless, McMillan submitted a sick-call request form stating that he had chest pain since he received the TB test. He claimed that the test was positive. When called to be seen by the nurse on February 18, 2010, McMillan refused to be evaluated. He was transferred to MCAC that day. On February 19, 2010, McMillan filed a sick-call slip complaining of chest pain and requesting to see the psychiatrist. He alleged that he had complained of chest pain at MRDCC, but was never evaluated. Dr. Gregory Ross evaluated McMillan, who described his subjective chest pain and also complained of headaches, back pain, and coughing. An electrocardiogram ("EKG") was performed and did not show any specific cardiac disease. In addition, Dr. Ross did not observe any coughing and found McMillan's respiration to be normal. Ross prescribed Motrin for pain and headaches, Chlortrimeton for cold symptoms, and advised McMillan to follow up in seven days if there was no improvement in his symptoms.

3

On February 26, 2010, McMillan filed another sick-call form stating that he was not feeling well and needed to be evaluated at an outside facility. Before this request was processed, McMillan was escorted to the dispensary on February 28, 2010, as an emergency patient for evaluation of chest pain. He was evaluated by Nurse Debbie Moore-Daly, who noted McMillan's evening meal of spicy food and found that McMillan's skin color and respiration were normal, he was alert and oriented, and his pulse was strong. No abnormalities were noted. Moore-Daly gave McMillan Maalox for indigestion and Motrin for pain, and advised him to rest, increase his fluid intake, and refrain from strenuous activities.

On March 15, 2010, McMillan was transferred back to MRDCC. The following day he submitted a sick-call encounter form stating he needed to see a physician because he was still having chest problems. Dr. Chhunchha evaluated McMillan on March 19, 2010. McMillan complained that his chest felt "heavy" since the PPD test, the chest pain was constant, and nothing helped to alleviate the pain. Dr. Chhunchha noted that the chest x-ray and EKG were both normal and his examination of McMillan showed no associated symptoms. Dr. Chhunchha concluded that the reported chest pain was not cardiac in origin. McMillan informed Chhunchha that he was concerned that he might have cancer, diabetes, or some other illness. The doctor ordered McMillan to undergo a series of basic diagnostic blood tests, the results of which were all within normal limits. A chest x-ray was repeated and the results were negative for any acute disease. McMillan offered no further complaints of chest pain until May 22, 2010. He refused to have his vital signs checked or to submit to an assessment, but rather threatened to sue the facility unless he was immediately sent to a hospital.

4

McMillan's responses have been examined by this court. The court find no cause for injunctive relief, and concludes that McMillan has failed to show that his constitutional right to necessary medical care was violated.

A detainee's medical claim may sound under the Fourteenth Amendment's Due Process Clause. There is no practical difference, however, between the due process standard and the Eighth Amendment protection standards, which measure substantial risk and deliberate indifference for convicted individuals. *See Loe v. Armistead*, 582 F.2d 1291, 1294 (4th Cir. 1978). To establish a claim of this nature McMillan must satisfy two requirements. First, he must satisfy the "objective" component by illustrating a serious medical need.[2] *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995); *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998). If he has proven this first element, McMillan must then prove the second subjective component of the Eighth Amendment standard by showing deliberate indifference on the part of correctional and medical staff. *See Wilson v. Seiter*, 501 U.S. 294, 303 (1991) (holding that claims alleging inadequate medical care are subject to the "deliberate indifference" standard outlined in *Estelle*, 429 U.S. at 105-06). "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Defendants "must both be aware of facts from which the

---

[2] "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n. 12 (5th Cir. 2006), *citing Hill v. Dekalb Reg. Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir.1994); *see also Monmouth County Correctional Inst. Inmates v. Lanzaro,* 834 F.2d 326, 347 (3d Cir. 1987); *Creech v. Nguyen*, 153 F.3d 719, 1998 WL 486354, at *5 (4th Cir. 1998).

inference could be drawn that a substantial risk of serious harm exists, and must also draw the inference." *Id*. at 837.

The record shows that all of McMillan's sick-call requests were responded to by health care staff. His PPD test, two x-rays, and blood work-ups were negative for signs of disease or were within normal limits. Further, he was examined by prison nurses and physicians, who found no objective signs of medical problems. No constitutional violation or injury[3] has been demonstrated.

In his supplemental complaint McMillan claims that prison personnel rejected his administrative remedies because he is a federal detainee. The Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Therefore, under the law in this circuit, no Fourteenth Amendment due process right is implicated. Further, McMillan has failed to show that any deficiency or improper act associated with the remedy process caused him injury.

Lastly, in his supplemental complaint McMillan complains that a sergeant was rude and verbally abusive to him. This allegation states no claim under § 1983. *See Barney v. Pulsipher*, 143 F.3d 1299, 1310 n. 11 (10th Cir. 1998); *accord Shabazz v. Pico*, 994 F.Supp. 460, 474 (S.D. N.Y. 1998) ("verbal harassment or profanity alone, 'unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right" under section 1983); *see also McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *Cole v. Cole*, 633 F.2d

---

[3] The court further observes that the Prison Litigation Reform Act states that "no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). It is settled law that a prior physical injury is required for a prisoner to recover damages for emotional and mental injury. *See Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997).

1083, 1091 (4th Cir. 1980); *Partee v. Cook County Sheriff's Office*, 863 F.Supp. 778, 781 (N.D. Ill.1994) (inmate's "allegations of verbal threats, racial epithets, and continued harassment" failed to meet objective component of Eighth Amendment).

**Conclusion**

For the aforementioned reasons the case shall be dismissed. A separate Order reflecting the rulings entered in this opinion shall be entered.

Date: July 20, 2010                    /s/
                                       J. Frederick Motz
                                       United States District Judge